*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

SAMUEL JOSEPH COTTER,

       Defendant-Appellant.

UNPUBLISHED
April 25, 2024

No. 364629
Wayne Circuit Court
LC No. 20-003290-01-FH

Before: SWARTZLE, P.J., and SERVITTO and GARRETT, JJ.

PER CURIAM.

Defendant pointed a gun at the victim during a "road rage" incident, and a jury convicted him of felony assault and felony-firearm. We affirm.

The victim was driving home from work when another driver cut her off at a stoplight and then pointed a gun at her when they were at a stop sign. The victim had taken a picture of the vehicle's license plate, called 911, and told the 911 operator that the driver of the vehicle was black and had pointed a gun at her. The police confirmed that the license-plate number was registered to defendant, and three officers went to defendant's residence to speak with him. One of the officers recorded the encounter with defendant on his body camera.

Defendant eventually told the officers that he was driving at the location of the reported incident at the same time that was reported by the victim, even though he had originally provided inconsistent statements about his whereabouts, and he also independently confirmed the series of events that occurred at the stoplight as reported by the victim. Defendant further admitted that he owned a handgun that was in his vehicle "at some point," explained that he moved the gun from the back seat of his car to the front seat, and denied that he had ever pointed the gun at the victim. The police recovered a handgun from defendant's residence.

Defendant moved to exclude the body-camera footage at trial, and the trial court denied defendant's motion because it found that the video was not prejudicial. The prosecutor played two videos from the body-camera footage for the jury after calling one of the officers as a witness. The jury also heard testimony from the victim who stated that she only saw the driver of the vehicle

-1-

from behind, could have been mistaken about the driver's race since defendant was not black, and could not identify the weapon beyond the fact that it was a gun.

Defendant moved for a directed verdict at the close of the prosecutor's case, and the trial court denied the motion because defendant had admitted he was in the area of the crime, had a gun, and admitted that he had moved that gun. The jury found defendant guilty of felony assault and felony-firearm.

Defendant now appeals.

Defendant first argues that the trial court erred by allowing the admission of the body-camera footage because the footage was more prejudicial than probative. This Court reviews a trial court's decision to admit evidence for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). A trial court abuses its discretion when its decision is outside the range of principled and reasonable outcomes. *People v Watkins*, 491 Mich 450, 466-467; 818 NW2d 296 (2012).

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403.[1] All relevant evidence is prejudicial, so "the fear of prejudice does not generally render the evidence inadmissible." *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995). "It is only when the probative value is *substantially outweighed* by the danger of unfair prejudice that evidence is excluded." *Id*. "[P]rejudice denotes a situation in which there exists a danger that marginally probative evidence will be given undue or pre-emptive weight by the jury." *Id*. (cleaned up).

The body-camera footage in this case revealed defendant confirming that other vehicles had been cut off at a stoplight, that he was driving in the same area at the same time as the victim, and that he had moved a gun from the back seat of his car to the front seat. Even though this footage may have been prejudicial to defendant's case, it was not unfairly so because, perhaps most importantly, the footage showed defendant repeatedly denying that he had pointed a gun at the victim. Moreover, the probative value of the body-camera footage was not substantially outweighed by any assumed prejudicial effect. The interaction was not particularly heated or confrontational, and defendant did not yell or otherwise act in a manner that a jury might have prejudged his guilt. Thus, the trial court did not abuse its discretion when it admitted the body-camera footage as evidence.

Next, defendant argues that the trial court erred when it denied his motion for a directed verdict. "When reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential

---

[1] Our Supreme Court revised the Michigan Rules of Evidence effective January 1, 2024. We cite the version of the rules that were in effect at the time of defendant's trial.

elements of the crime charged were proved beyond a reasonable doubt." *People v Aldrich*, 246 Mich App 101, 122; 631 NW2d 67 (2001).

To determine whether the trial court erred by denying defendant's motion for a directed verdict, this Court must "determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Werner*, 254 Mich App 528, 530; 659 NW2d 688 (2002). "Circumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove the elements of a crime." *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999). "Even in a case relying on circumstantial evidence, the prosecution need not negate every reasonable theory consistent with the defendant's innocence, but need merely introduce evidence sufficient to convince a reasonable jury in the face of whatever contradictory evidence the defendant may provide." *People v Hardiman*, 466 Mich 417, 423-424; 646 NW2d 158 (2002) (quotation marks and citation omitted).

Defendant argues that the victim's testimony confirmed that she could not identify defendant as the driver of the car and, thus, there was not sufficient evidence to persuade a rational trier of fact that defendant had committed the crimes beyond a reasonable doubt. Defendant ignores, however, that the victim testified that the driver of a vehicle pointed a gun at her and that she took a photo of that vehicle's license plate. The police confirmed that the license plate was registered to defendant, and defendant admitted that he had been driving in the same area, at the same time, as had been reported by the victim. Further, defendant admitted to the officers that he had a gun in his car at some point, and the officers found a gun at defendant's residence. This evidence, when viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crimes charged were proven beyond a reasonable doubt. Thus, the trial court did not err when it denied defendant's motion for a directed verdict.

Affirmed.

/s/ Brock A. Swartzle
/s/ Deborah A. Servitto
/s/ Kristina Robinson Garrett